Matthew L. Sharp
Nevada State Bar 4746
Matthew L. Sharp, Ltd.
432 Ridge Street
Reno, NV 89501
Phone: (775) 324-1500
Facsimile: (775) 284-0675
Email: matt@mattsharplaw.com

*Attorney for Plaintiff Allen M. Miller*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALLEN M. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP., LOTUS FOODS, INC., PRIDE INDUSTRIES, RONEL R. SINGH, RHEAS TRANS, INC., and KUWAR SINGH D/B/A RT SERVICE,<br><br>Defendants. | Case No.:<br><br><br>**COMPLAINT WITH JURY DEMAND** |

Allen M. Miller, by and through his attorneys, files the following complaint.

## JURISDICTION, VENUE, PARTIES

1.  This Court has subject matter jurisdiction over Plaintiff's claims and causes of action pursuant to 28 U.S.C. § 1332(a)(1) and (3). This is an action for damages involving a matter in controversy in excess of $75,000, exclusive of costs and interest. No Defendant is a citizen or resident of Plaintiff's state of citizenship or residency.

2.  Venue is properly conferred on this Court because the motor vehicle collision occurred in Elko County, Nevada, which is located in this judicial district.

3.  Allen M. Miller is a domiciliary and citizen of the State of Idaho, residing in Meridian, Ada County, Idaho.

4.  Defendant Ronel R. Singh resides at 180 Summer Stroll Circle, Sacramento, California 95828.

1

5.   Defendant Rheas Trans, Inc. ("Rheas Trans") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2148611 and is a business entity organized and existing under the laws of the State of California with its principal place of business in Sacramento, California.  Defendant Rheas Trans has designated GLG Insurance, located at 6332 S. Rainbow Blvd., Suite 100, Las Vegas, Nevada 89118, as its agent for purposes of service of process of this complaint under 49 C.F.R. §366.

6.   Defendant Kuwar Singh d/b/a RT Service ("Kuwar Singh") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2465473 and is a business entity organized and existing under the laws of the State of California with its principal place of business in Sacramento, California.  Defendant Kuwar Singh has designated Alverson, Taylor, Mortensen & Sanders, located at 7401 W. Charleston Blvd., Las Vegas, Nevada 89117 as its agent for the purposes of service of process of this complaint under 49 C.F.R. § 366.

7.   Defendant Costco Wholesale Corporation ("Costco") is a corporation and business entity organized and existing under the laws of the State of Washington with its principal place of business in Issaquah, Washington.  Defendant Costco has designated John Sullivan, located at 999 Lake Drive, Issaquah, Washington 98027 as its agent for the purposes of service of process.

8.   Defendant Lotus Foods, Inc. ("Lotus Foods") is a corporation and business entity organized and existing under the laws of the State of California with its principal place of business in Richmond, California.  Defendant Lotus Foods has designated Kenneth Lee, located at 921 Richmond Street, El Cerrito, California 94530 as its agent for the purposes of service of process.

9.   Defendant Pride Industries ("Pride Industries") is a corporation and business entity organized and existing under the laws of the State of California with its principal place of business in Roseville, California.  Defendant Pride Industries has designated Michael Laperche, located at 10030 Foothills Boulevard, Roseville, California 95747 as its agent for the purposes of service of process.

///

2

1

## FACTS

2   10. Pride Industries arranged for the shipment of a load of over 13,000 pounds of ramen rice

3   noodles from Lotus Foods, Inc.'s facility in Sacramento, California to Costco Wholesale

4   Corp.'s facility in Salt Lake City, Utah.

5   11. On or about December 8, 2016, a Rheas Trans, Inc. semi-tractor trailer, driven by Ronel Singh,

6   picked up the load at Lotus Foods, Inc.

7   12. During the trip to Costco Wholesale Corp.'s facility, Mr. Singh drove the semi-tractor too fast

8   for the snowy and icy conditions on I-80 in Elko, Nevada, slid across a median, overturned on

9   its side, and continued to slide across the westbound lanes.

10  13. Plaintiff Allen Miller, 25 years old at the time, was driving in the westbound lanes at the time

11  and could not avoid striking the semi-tractor trailer.

12  14. Mr. Miller sustained serious injury to his entire body and is a quadriplegic as a result of the

13  collision.

14

## FIRST CAUSE OF ACTION

15

*Negligence of Ronel Singh*

16  15. All allegations and causes of action in this Complaint, pled above and below, are incorporated

17  into this cause of action by reference.

18  16. On or about December 8, 2016, Defendant Ronel Singh was operating a semi-tractor trailer

19  eastbound on I-80 while in the course and scope of his employment, agency or contract with

20  one or more of the Defendants.

21  17. Defendant Ronel Singh had a duty to drive in a safe and reasonable manner and obey all traffic

22  and other commercial motor vehicle safety laws while operating the semi-tractor trailer.

23  18. Defendant Ronel Singh breached these duties when he, among other things, was driving too

24  fast for the icy and snowy road conditions, failed to use skill and/or attentiveness to keep the

25  semi-tractor trailer on the road, drove it across the median and into oncoming westbound lanes,

26  where it overturned and completely blocked all westbound lanes.

27  19. Plaintiff Allen Miller was driving westbound on I-80 in Elko, Nevada at the time and could

28  not avoid striking the semi-tractor trailer.

20. Mr. Miller became lodged and pinned under the trailer. As a result of this collision, he sustained severe injuries and is now quadriplegic.

21. Defendant Ronel Singh's negligence was a direct and proximate cause of Allen Miller's injuries.

22. Defendant Ronel Singh's actions demonstrate a conscious disregard for the rights and safety of Allen Miller and others, which Defendant knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff demands punitive damages.

## SECOND CAUSE OF ACTION

*Vicarious Liability of Defendant Kuwar Singh*

23. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

24. At all relevant times, Defendant Ronel Singh was the employee, agent, servant, or independent contractor for Defendant Kuwar Singh and operating in the course and scope of this employment. Defendant Kuwar Singh, therefore, is vicariously liable for the acts of Defendant Ronel Singh with respect to this collision.

25. Defendant Kuwar Singh had the right to exercise control over the Defendant-driver's work in connection with the load and/or direct the manner in which the details of work were executed.

26. Defendant Kuwar Singh undertook the non-delegable duty to provide reasonably safe and competent transport of this load and breached this duty.

27. Without regard to employment or agency relationship, Defendant Kuwar Singh is an interstate motor carrier and the registered owner of the USDOT displayed on the tractor-trailer involved in this collision, USDOT No. 2465473. Defendant Kuwar Singh, therefore, is responsible for the acts of the Defendant-driver as a matter of law.

## THIRD CAUSE OF ACTION

*Negligence of Defendant Kuwar Singh*

28. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

29. Defendant Kuwar Singh had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Ronel Singh; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

30. Defendant Kuwar Singh breached these duties by, among other things, selecting a driver who had a history of driving violations, including for speeding in hazardous weather, and failing to properly train drivers to stay alert on the road and drive reasonably safe in icy and snowy conditions.

31. Defendant Kuwar Singh's negligence was the direct and proximate cause of Allen Miller's injuries and all of the damages set forth herein.

32. Defendant Kuwar Singh knew the probable harmful consequence of his conduct was likely to result in injury, damage or other harm and he willfully and deliberately failed to act to avoid those consequences.

33. Defendant Kuwar Singh engaged in malice and oppression as actions and omissions demonstrate a conscious disregard of rights or safety of Allen Miller and others and which has subjected Allen Miller to a cruel and unjust hardship.  Accordingly, Plaintiff demands punitive damages.

**FOURTH CAUSE OF ACTION**

*Vicarious Liability of Defendant Rheas Trans*

34. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

35. At all relevant times, Defendant Ronel Singh was the employee, agent, servant, or independent contractor for Defendant Rheas Trans and operating in the course and scope of this employment.  Defendant Rheas Trans therefore, is vicariously liable for the acts of Defendant Ronel Singh with respect to this collision.

36. In the alternative, Defendant Rheas Trans had the right to exercise control over the Defendant-driver's work in connection with the load and/or direct the manner in which the details of work were executed.

37. Defendant Rheas Trans undertook the non-delegable duty to provide reasonably safe transport of this load and breached this duty.

38. Without regard to employment or agency relationship, Defendant Rheas Trans. is an interstate motor carrier and the registered owner of the USDOT displayed on the tractor-trailer involved in this collision, USDOT No. 2465473.  Defendant Rheas Trans, therefore, is responsible for the acts of the Defendant-driver as a matter of law.

## FIFTH CAUSE OF ACTION

*Negligence of Defendant Rheas Trans*

39. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

40. Defendant Rheas Trans had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Ronel Singh; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

41. Defendant Rheas Trans breached these duties by, among other things, selecting a driver who had a history of driving violations, including for speeding in hazardous weather, and failing to properly train drivers on staying alert on the road and driving in icy and snowy conditions.

42. Defendant Rheas Trans's negligence was the direct and proximate cause of Allen Miller's injuries and all of the damages set forth herein.

43. Defendant Rheas Tran knew the probable harmful consequence of its conduct was likely to result in injury, damage or other harm and it willfully and deliberately failed to act to avoid those consequences.

44. Defendant Rheas Tran engaged in malice and oppression as actions and omissions demonstrate a conscious disregard of the rights or safety of Allen Miller and others and which has subjected Allen Miller to a cruel and unjust hardship.  Accordingly, Plaintiff demands punitive damages.

**SIXTH CAUSE OF ACTION**

*Vicarious Liability of Defendant Costco*

45. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

46. At all relevant times, one or more of the other Defendants were each the employee, agent, servant, or independent contractor of Defendant Costco and operating in the course and scope of this employment.

47. Defendant Costco retained the right to exercise control over these Defendants in connection with this load.

48. Defendant Costco undertook the non-delegable duty to provide reasonable transport of this load and breached this duty.

49. Without regard to agency or employment relationship, Defendant Costco was authorized to transport the load and assumed responsibility for the load.  Accordingly, Costco is one of the motor carriers for the load and responsible for the acts of these Defendants by operation of law.

**SEVENTH CAUSE OF ACTION**

*Negligence of Defendant Costco*

50. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

51. Operating a tractor trailer of the size and weight of the load involved in this collision involves a risk of physical harm to others unless it is skillfully and carefully done.

52. Defendant Costco had a duty to select a competent contractor to transport this load.

53. Defendant Costco breached these duties by retaining incompetent, unfit, or inexperienced contractors or sub-haulers to arrange and/or take this load.

54. Defendant Costco knew or should have known of the particular incompetence because it is regularly engaged in the business of shipping— routinely employing, selecting, and contracting with brokers, logistic companies, truck companies, and drivers to transport loads— and there were red flags about the other Defendants with respect to this load.  Red flags include that Defendants Kuwar Singh and/or Rheas Trans have a history of safety violations; over 40% of their trucks have been deemed illegal to be on the road when stopped for random inspections, they have been cited numerous times for hours of service violations and false log books and their percentage of out of service violations is twice that of the national average.

55. The incompetence, lack of fitness, or inexperience of the other Defendants were a proximate cause of this collision and the injuries of Allen Miller.

56. Defendant Costco knew the probable harmful consequence of its conduct was likely to result in injury, damage, or other harm and it willfully and deliberately failed to act to avoid those consequences.

57. Defendant Costco engaged in malice and oppression as actions and omissions demonstrate a conscious disregard of the rights or safety of Allen Miller and others and which has subjected Allen Miller to a cruel and unjust hardship. Accordingly, Plaintiff demands punitive damages.

## EIGHTH CAUSE OF ACTION

*Vicarious Liability of Defendant Pride Industries*

58. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

59. At all relevant times, one or more of the Defendants were each the employee, agent, servant, or independent contractor for Defendant Pride Industries and operating in the course and scope of this employment.

60. Defendant Pride Industries retained the right to exercise control over these Defendants in connection with this load.

61. Defendant Pride Industries undertook to provide safe transport of this load and breached this duty.

62. Without regard to agency or employment relationship, Defendant Pride Industries was authorized to transport the load and assumed responsibility for the load.  Accordingly, Pride Industries is one of the motor carriers for the load and responsible for the acts of the other by operation of law.

**NINTH CAUSE OF ACTION**

*Negligence of Defendant Pride Industries*

63. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

64. Defendant Pride Industries had a duty to select a competent contractor to transport this load.

65. Defendant Pride Industries breached these duties by retaining incompetent, unfit, or inexperienced contractors or subhaulers to take this load.

66. Defendant Pride Industries knew or should have known of the particular incompetence because it is regularly engaged in the business of logistics—routinely employing, selecting, and contracting with truck companies and drivers to transport loads—and there were red flags about the Defendant trucking companies and/or driver with respect to this load, including those set forth above in this Complaint.

67. The incompetence, lack of fitness, or inexperience of the other Defendants were a proximate cause of this collision and the injuries of Allen Miller.

68. Defendant Pride Industries knew the probable harmful consequence of its conduct was likely to result in injury, damage, or other harm and it willfully and deliberately failed to act to avoid those consequences.

69. Defendant Pride Industries engaged in malice and oppression as actions and omissions demonstrate a conscious disregard of the rights or safety of Allen Miller and others and which has subjected Allen Miller to a cruel and unjust hardship.  Accordingly, Plaintiff demands punitive damages.

///

///

///

9

**TENTH CAUSE OF ACTION**

*Vicarious Liability of Defendant Lotus Foods.*

70. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

71. At all relevant times, one or more of the Defendants were each the employee, agent, servant, or independent contractor for Defendant Lotus Foods and operating in the course and scope of this employment.

72. Defendant Lotus Foods retained the right to exercise control over these Defendants in connection with this load.

73. Defendant Lotus Foods undertook the non-delegable duty to provide reasonably safe transport of this load and breached this duty.

74. Without regard to agency or employment relationship, Defendant Lotus Foods was authorized to transport the load and assumed responsibility for the load.  Accordingly, Lotus Foods is one of the motor carriers for the load and responsible for the acts of the other Defendant by operation of law.

**ELEVENTH CAUSE OF ACTION**

*Negligence of Defendant Lotus Foods*

75. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

76. Defendant Lotus Foods had a duty to select a competent contractor to transport this load.

77. Defendant Lotus Foods, Inc. breached these duties by retaining incompetent, unfit, and inexperienced brokers, contractors, or sub-haulers to arrange and/or take this load.

78. Defendant Lotus Foods knew or should have known of the particular incompetence because it is regularly engaged in the business of shipping—routinely employing, selecting, and contracting with brokers, logistic companies, truck companies, and drivers to transport loads— and there were red flags about the Defendant broker, shipping, trucking companies, and driver with respect to this load as set forth in this Complaint.

79. The incompetence, lack of fitness, or inexperience of the other Defendants were a proximate cause of this collision and the injuries of Allen Miller.

80. Defendant Lotus Foods knew the probable harmful consequence of its conduct was likely to result in injury, damage, or other harm and it willfully and deliberately failed to act to avoid those consequences.

81. Defendant Lotus Foods engaged in malice and oppression as actions and omissions demonstrate a conscious disregard of the rights or safety of Allen Miller and others and which has subjected Allen Miller to a cruel and unjust hardship.  Accordingly, Plaintiff demands punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and against all Defendants as follows:

1. Compensatory damages in amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00);

2. Punitive damages;

3. Prejudgment and post-judgment interest;

4. Costs as provided by law; and

5. Other relief that this Honorable Court deems just under the circumstances.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a trial by jury on all triable issues.

MATTHEW L. SHARP, LTD.

    /s/ Matthew L. Sharp
Matthew L. Sharp
Nevada State Bar 4746
432 Ridge Street
Reno, NV 89501
Phone: (775) 324-1500
Facsimile: (775) 284-0675
matt@mattsharplaw.com
*Attorney for Plaintiff Allen Miller*

11