Michael Jay Leizerman *(Pro Hac Vice)*
Leizerman & Associates
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (800) 628-4500
Facsimile: (888) 838-8828
Email: michael@leizerman.com

Matthew L. Sharp
Nevada State Bar No. 4746
Law Office of Matthew L. Sharp
432 Ridge Street
Reno, NV 89501
Phone: (775) 324-1500
Facsimile: (775) 284-0675
Email: matt@mattsharplaw.com

*Attorneys for Plaintiff Allen M. Miller*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ALLEN M. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>C.H. ROBINSON WORLDWIDE, INC., RONEL R. SINGH, RHEAS TRANS, INC., and KUWAR SINGH D/B/A RT SERVICE<br><br>Defendants. | Case No.: 3:17-cv-00408<br><br>**FIRST AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

Allen M. Miller, by and through his attorneys, files the following complaint.

**JURISDICTION, VENUE, PARTIES**

1. This Court has subject matter jurisdiction over Plaintiff's claims and causes of action pursuant to 28 U.S.C. § 1332(a)(1) and (3). This is an action for damages involving a matter in controversy in excess of $75,000, exclusive of costs and interest. No Defendant is a citizen or resident of Plaintiff's state of citizenship or residency.

1

2. Venue is properly conferred on this Court because the motor vehicle collision occurred in Elko County, Nevada, which is located in this judicial district.

3. Allen M. Miller is a domiciliary and citizen of the State of Idaho, residing in Meridian, Ada County, Idaho.

4. Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") is a corporation and business entity organized and existing under the laws of the State of Delaware with its principal place of business in Eden Prairie, Minnesota. Defendant C.H. Robinson Worldwide, Inc. has designated Corporation Service Company, located at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113, as its agent for the purposes of service of process.

5. Defendant Ronel R. Singh resides at 180 Summer Stroll Circle, Sacramento, California 95828.

6. Defendant Rheas Trans, Inc. ("Rheas Trans") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2148611 and is a business entity organized and existing under the laws of the State of California with its principal place of business in Sacramento, California. Defendant Rheas Trans has designated GLG Insurance, located at 6332 S. Rainbow Blvd., Suite 100, Las Vegas, Nevada 89118, as its agent for purposes of service of process of this complaint under 49 C.F.R. §366.

7. Defendant Kuwar Singh d/b/a RT Service ("Kuwar Singh") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2465473 and is a business entity organized and existing under the laws of the State of California with its principal place of business in Sacramento, California. Defendant Kuwar Singh has designated Alverson, Taylor, Mortensens & Sanders, located at 7401 W. Charleston Blvd., Las Vegas, Nevada 89117 as its agent for the purposes of service of process of this complaint under 49 C.F.R. § 366.

**FIRST CAUSE OF ACTION**

*Negligence of Ronel Singh*

8. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

9. On or about December 8, 2016, Defendant Ronel Singh was operating a semi-tractor trailer eastbound on I-80 while in the course and scope of his employment, agency or contract with one or more of the Defendants.

10. Defendant Ronel Singh had a duty to drive in a safe and reasonable manner and obey all traffic and other commercial motor vehicle safety laws while operating the semi-tractor trailer.

11. Defendant Ronel Singh breached these duties when he, among other things, was driving too fast for the icy and snowy road conditions, failed to use skill and/or attentiveness to keep the semi-tractor trailer on the road, drove it across the median and into oncoming westbound lanes, where it overturned and completely blocked all westbound lanes.

12. Plaintiff Allen Miller was driving westbound on I-80 in Elko, Nevada at the time and could not avoid stir king the semi-tractor trailer.

13. Mr. Miller became lodged and pinned under the trailer. As a result of this collision, he sustained severe injuries and is now quadriplegic.

14. Defendant Ronel Singh's negligence was a direct and proximate cause of Allen Miller's injuries.

15. Defendant Ronel Singh's actions demonstrate a conscious disregard for the rights and safety of Allen Miller and others, which Defendant knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff demands punitive damages.

## SECOND CAUSE OF ACTION

*Vicarious Liability of Defendant Kuwar Singh*

16. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

17. At all relevant times, Defendant Ronel Singh was the employee, agent, servant, or independent contractor for Defendant Kuwar Singh and operating in the course and scope of this employment. Defendant Kuwar Singh, therefore, is vicariously liable for the acts of Defendant Ronel Singh with respect to this collision.

18. Defendant Kuwar Singh had the right to exercise control over the Defendant-driver's work in connection with the load and/or direct the manner in which the details of work were executed.

19. Defendant Kuwar Singh undertook the non-delegable duty to provide reasonably safe and competent transport of this load and breached this duty.

20. Without regard to employment or agency relationship, Defendant Kuwar Singh is an interstate motor carrier and the registered owner of the USDOT displayed on the tractor-trailer involved in this collision, USDOT No. 2465473. Defendant Kuwar Singh, therefore, is responsible for the acts of the Defendant-driver as a matter of law.

## THIRD CAUSE OF ACTION

*Negligence of Defendant Kuwar Singh*

21. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

22. Defendant Kuwar Singh had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Ronel Singh; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

23. Defendant Kuwar Singh breached these duties by, among other things, selecting a driver who had a history of driving violations, including for speeding in hazardous weather, and failing to properly train drivers to stay alert on the road and drive reasonably safe in icy and snowy conditions.

24. Defendant Kuwar Singh's negligence was the direct and proximate cause of Allen Miller's injuries and all of the damages set forth herein.

25. Defendant Kuwar Singh actions and omissions demonstrate a conscious disregard of or indifference to the life, rights or safety of Allen Miller and others, which Defendant knew, or should have known, is reasonably likely to result in injury, damage or other harm. Accordingly, Plaintiff demands punitive damages.

## FOURTH CAUSE OF ACTION

*Vicarious Liability of Defendant Rheas Trans*

26. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

27. At all relevant times, Defendant Ronel Singh was the employee, agent, servant, or independent contractor for Defendant Rheas Trans and operating in the course and scope of this employment. Defendant Rheas Trans therefore, is vicariously liable for the acts of Defendant Ronel Singh with respect to this collision.

28. In the alternative, Defendant Rheas Trans had the right to exercise control over the Defendant-driver's work in connection with the load and/or direct the manner in which the details of work were executed.

29. Defendant Rheas Trans undertook the non-delegable duty to provide reasonably safe transport of this load and breached this duty.

30. Without regard to employment or agency relationship, Defendant Rheas Trans. is an interstate motor carrier and the registered owner of the USDOT displayed on the tractor-trailer involved in this collision, USDOT No. 2465473. Defendant Rheas Trans, therefore, is responsible for the acts of the Defendant-driver as a matter of law.

## FIFTH CAUSE OF ACTION

*Negligence of Defendant Rheas Trans*

31. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

32. Defendant Rheas Trans had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Ronel Singh; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

33. Defendant Rheas Trans breached these duties by, among other things, selecting a driver who had a history of driving violations, including for speeding in hazardous weather, and failing to properly train drivers on staying alert on the road and driving in icy and snowy conditions.

34. Defendant Rheas Trans's negligence was the direct and proximate cause of Allen Miller's injuries and all of the damages set forth herein.

35. Defendant Rheas Trans's actions and omissions demonstrate a conscious disregard of or indifference to the life, rights or safety of Allen Miller and others, which Defendant knew, or should have known, is reasonably likely to result in injury, damage or other harm. Accordingly, Plaintiff demands punitive damages.

## SIXTH CAUSE OF ACTION

*Vicarious Liability of Defendant C.H. Robinson*

36. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

37. At all relevant times, Defendant C.H. Robinson selected one or more of the other Defendants to transport the load on the tractor-trailer at the time of this collision.

38. At all relevant times, one or more of the other Defendants were each the employee, agent, servant, or independent contractor of Defendant C.H. Robinson and operating in the course and scope of this employment.

39. Defendant C.H. Robinson retained the right to exercise control over these Defendants in connection with this load.

40. Defendant C.H. Robinson undertook the non-delegable duty to provide reasonable transport of this load and breached this duty.

41. Without regard to agency or employment relationship, Defendant C.H. Robinson was authorized to transport the load and assumed responsibility for the load. Accordingly, C.H. Robinson is one of the motor carriers for the load and responsible for the acts of these Defendants by operation of law.

## SEVENTH CAUSE OF ACTION

*Negligence of Defendant C.H. Robinson*

42. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

43. Operating a tractor trailer of the size and weight of the load involved in this collision involves a risk of physical harm to others unless it is skillfully and carefully done.

44. Defendant C.H. Robinson is regularly engaged in the business of shipping, brokering and logistics.

45. Defendant C.H. Robinson had a duty to select a competent contractor to transport this load.

46. Defendant C.H. Robinson breached these duties by retaining incompetent, unfit or inexperienced contractors or sub-haulers to arrange and/or take this load.

47. Defendant C.H. Robinson knew or should have known of the particular incompetence because and there were red flags about the other Defendants, including that Defendants Kuwait Singh and/or Rheas Trans have a history of safety violations; over 40% of their trucks have been deemed illegal to be on the road when stopped for random inspections; they have been cited numerous times for hours of service violations and false log books; and their percentage of out of service violations is twice that of the national average.

48. The incompetence, lack of fitness or inexperience of the other Defendants, as well as the negligence of Defendant C.H. Robinson, were a proximate cause of this collision and the injuries of Allen Miller.

49. Defendant C.H. Robinson's actions and omissions were reckless and demonstrate a conscious disregard of or indifference to the life, rights or safety of Allen Miller and others, which Defendant knew, or should have known, is reasonably likely to result in injury, damage or other harm. Accordingly, Plaintiff demands punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and against all Defendants, in amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

            LEIZERMAN & ASSOCIATES

            /s/ Michael Jay Leizerman
            Michael Jay Leizerman (*Pro Hac Vice*)
            3450 W. Central Avenue, Suite 328
            Toledo, OH 43606
            Phone: (800) 628-4500
            Facsimile: (888) 838-8828
            michael@leizerman.com

            Matthew L. Sharp
            Nevada State Bar No. 4746
            Matthew L. Sharp, Ltd.
            432 Ridge Street
            Reno, NV 89501
            Phone: (775) 324-1500
            Facsimile: (775) 284-0675
            matt@mattsharplaw.com

            *Attorneys for Plaintiff Allen Miller*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

LEIZERMAN & ASSOCIATES

/s/ Michael Jay Leizerman
Michael Jay Leizerman *(Pro Hac Vice)*
