UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLEN M. MILLER,<br><br>                Plaintiff,<br>     v.<br>C.H. ROBINSON WORLDWIDE, INC.,<br>RONEL R. SINGH, RHEAS TRANS, INC.,<br>and KUWAR SINGH dba RT SERVICE,<br><br>                Defendants. | Case No. 3:17-cv-00408-MMD-WCG<br><br>ORDER |

**I.    SUMMARY**

This action concerns a motor vehicle accident involving a commercial semi-tractor trailer that rendered Plaintiff Allen M. Miller ("Miller") a quadriplegic. Before the Court are Miller's motion for determination and approval of good faith settlement under Nevada Revised Statute § 17.245 ("GFS Motion") (ECF No. 90) and Defendant C.H. Robinson Worldwide, Inc.'s ("Robinson") motion for fees and nontaxable costs pursuant to Nev. R. Civ. P. 68 and Fed. R. Civ. P. 68 ("Fees & Costs Motion") (ECF No. 86). For the reasons provided below, the Court grants Miller's GFS Motion and denies Robinson's Fees & Costs Motion.[1]

**II.    BACKGROUND**

The detailed facts of this case may be found in (ECF No. 84).

Pertinent here, Defendants Ronel R. Singh, Rheas Trans, Inc. and Kuwar Singh dba RT Service ("RT Service") (collectively, "Settling Defendants") reached a settlement with Miller for $750,000. (ECF No. 90-1; ECF No. 94-4.) These parties entered their

///

---

[1]In addition to the motions, the Court has considered the respective responses (ECF Nos. 92, 93, 94), and Robinson's reply accompanying its Fees & Costs Motion (ECF No. 95). No reply was filed regarding the GFS Motion.

settlement agreement ("Agreement") in spring 2018. (*Id.*) Per the Agreement, Miller agrees to release Settling Defendants from liability. (ECF No. 90-1.) The settling parties submit that the $750,000 is the limit of the Settling Defendants' insurance policy. (ECF No. 90 at 2; ECF No. 90-2.) Non-settling Defendant, Robinson—the freight broker that selected RT Services to haul the commercial load at the time of the accident—does not oppose "the [GFS Motion] being granted." (ECF No. 92.)

In May 2018, Robinson also extended an offer of judgment ("Offer") to Miller via its counsel and pursuant to Nev. R. Civ. P. 68 and Fed. R. Civ. P. 68. (ECF No. 86 at 15, 21, 23-25.) In addition to offering Miller a settlement of $500,001.00, Robinson's letter offering settlement ("Offer Letter") extensively provided its legal position. (*See generally id.*) The Offer Letter particularly detailed Robinson's position that, *inter alia*, Miller's negligent hiring claim "will be dismissed . . . because it is preempted by federal law." (*Id.* at 18; *see id.* at 18–20.) The Offer Letter informed Miller that Robinson intended to raise its preemption claims and arguments in its forthcoming motion for judgment on the pleadings ("JOP Motion"). (*Id.* at 20.) Robinson provided that because after discovery it became "abundantly clear" that Miller had no cognizable claim against it, it was extending the Offer before filing the motion for judgment on the pleadings. (*Id.* at 21–22.) Robinson also informed that in light of its offer and should it prevail on the JOP Motion, Robinson would seek an award of costs and fees from the date of the Offer. (*Id.* at 22.) Miller did not accept the Offer. (ECF No. 94-1.)

Robinson then filed its JOP Motion in July 2018 (ECF No. 59), which this Court granted (ECF No. 84). Robinson thereafter filed the instant Fees & Costs Motion. (ECF No. 86.)

**III.    GFS MOTION (ECF NO. 90)**

In Nevada, it is within the considerable discretion of a court—considering the relevant facts available—to determine whether a settlement was made in good faith under NRS § 17.245. *Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991). Where a defendant settles with plaintiffs in good faith, it cannot be held liable by its codefendants

2

in tort for contribution or equitable indemnity. *Otak Nev., LLC v. Eight Jud. Dist. Ct.*, 312 P.3d 491, 496 (Nev. 2013) (referencing NRS § 17.245(b) (1)). This result is inherent in NRS § 17.245's goal to "encourage settlements." *In Re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983)

The following factors are relevant to a court's good faith determination: "[t]he amount paid in settlement, the allocation of the settlement among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *Id.* (internal quotation and citation omitted). A court may also consider "the merits of any contribution or equitable indemnity claims against the settling defendant." *Otak Nev., LLC*, 312 P.3d at 496 (citation omitted). Moreover, the court is not limited to these factors in making its discretionary determination. *Velsicol Chem.*, 811 P.2d at 563 (declining to adopt the "California rule" mandating consideration of any specific factors). In the process of the court's determination, "[a] non-settling party is fully protected by its ability to present counter-affidavits or evidence at a hearing on the issue of 'good faith.'" *In Re MGM Grand Hotel Fire Litigation*, 570 F. Supp. at 927.

In its discretion, the Court grants the GFS Motion. Paramount in the Court's decision to grant the GFS Motion is that Non-settling Defendant Robinson does not oppose the granting of the motion. (ECF No. 92.) Under Local Rule 7-2(d) "[t]he failure of an opposing party to file points and authorities in response to any motion except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes consent to the granting of the motion." *See* LR 7-2(d). Further, it is uncontested that the $750,000 settlement here is the policy limit of Settling Defendants' insurance. Thus, the Settling Defendants' financial condition supersedes any consideration of apportionment of liability among the Defendants. Moreover, the latter has been rendered irrelevant in this case because the Court granted Robinson's JOP Motion. Lastly, the Court finds no evidence of collusion, fraud or tortious conduct by the settling parties as against Robinson. Accordingly, the

///

Court determines that Miller and Settling Defendants reached settlement in good faith and therefore grants the GFS Motion.[2]

### IV. FEES & COSTS MOTION (ECF NO. 86)

Robinson requests an award of fees in the amount of $126,501.25 and nontaxable costs in the amount of $95,839.03. (ECF No. 86 at 12.) As Robinson indicates, it cannot recover its fees and costs based on the Offer under Fed. R. Civ. P. 68 given it obtained judgment in its favor (ECF No. 86 at 6), in light of the Supreme Court's strict application of the rule. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). However, fees and costs are generally available under Nev. R. Civ. P. 68. *See Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983) (disagreeing with *Delta Air Lines, Inc.* and ruling that Nev. R. Civ. P. includes a judgment against the offeree). Nonetheless, awarding fees and costs under Nev. R. Civ. P. 68 is only permissible upon careful evaluation of the following factors:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

///

///

///

---

[2] To the extent Robinson reserves the right to seek contractual indemnity (ECF No. 92), the Court notes that such action is likely barred under NRS § 17.245. The Court recognizes that under NRS § 17.245, the good faith determination is primarily concerned about the settlement vis-à-vis the plaintiff and settling defendants, and with encouraging such settlement, despite such determination being detrimental to the ability of a defendant to recover from a co-tortfeasor. *See The Doctors Co. v. Vincent*, 98 P.3d 681, 688 n.28 (Nev. 2004) ("We recognize that the 1997 amendments to NRS [§] 17.245, precluding indemnity actions where the indemnity obligor's settlement is in good faith, are not in doctrinal harmony with a right of implied indemnity. Such factors as the possibility of the putative indemnity obligor may be completely exonerated, which bear on the good faith of the obligor's settlement, do not account for the fact that a full shifting of liability may be justified under the facts at trial, and that a nominal good-faith settlement should, as a matter of public policy, never insulated a tortfeasor from indemnity liability. However, the Legislature has determined that the preeminent consideration is encouragement of settlement . . . .").

*Id.* "After weighing the foregoing factors, the . . . judge may, where warranted, award up to the full amount of fees requested." *Id.* To be clear, the decision whether to award attorneys' fees and costs under Nev. R. Civ. P. 68 lies within the Court's discretion. *Id.*

While a close call, the Court finds that an award of fees and costs are not reasonable and justified based on its consideration of the four relevant factors. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1284 ("Under *Beattie*, the district court need only 'consider' the four relevant factors.").

Here, Robinson lumps together its discussion of the first through third *Beattie* factors. (ECF No. 86 at 9.) With respect to these factors Robinson concedes the first factor—that Miller did not bring his claims in bad faith and otherwise essentially argues that the amount of the Offer was reasonable particularly because federal law preempted Miller's negligent hiring claim and Miller's case was "riddled with problems." (*Id.* at 9–10.) For these same reasons, Robinson contends that Miller was "grossly unreasonable in his decision to reject [Robinson's] substantial offer." (*Id.* at 9.) In support of the fourth factor, Robinson submits detailed argument and affidavits to show the amount of fees incurred and alleges that a large award of the requested fees was reasonable due to the extensive expert disclosures and depositions undertaken in the case; the rate and value of its attorneys' services; their exceptional skills, experience and training; the complex and labor intensive nature of the work; and that the attorneys obtained a favorable judgment. (*Id.* at 10–13) (relying on *Brunzell v. Golden Gate Nat.*, 455 P.2d 31 (Nev. 1969)).

In response to the Fees & Costs Motion, Miller chiefly argues that Robinson failed to demonstrate that Miller's decision to reject the offer was grossly unreasonable or in bad faith—the third *Beattie* factor. (ECF No. 94 at 4–10.) The Court agrees that this factor especially militates against an award of fees and costs here. In support of his position, Miller noted, among other things, he analyzed the amount of the Offer relative to his medical expenses and liens (ECF Nos. 94-1, 94-2, 94-3), the severity of his injury, the timing of the offer—only two months after the Settling Defendants had offered their $750,000 policy limit, and preemption precedent across the country. (ECF No. 94 at 4.)

As to the latter, the Court considers that Miller's arguments in response to the JOP Motion presented a strong opposition to Robinson's preemption argument, despite this Court ultimately finding for Robinson. Miller argues that as there were only two district courts that had found preemption at the time of Robinson's Offer, his position with respects to preemption was not "grossly unreasonable" or in "bad faith." (*Id.* at 7.) The Court agrees that Miller proceeded with his case in good faith and the record does not support a finding that his decision to decline the Offer was *grossly* unreasonable—if even unreasonable. *See, e.g.*, *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (explaining that "unreasonable" means not just wrong, but so wrong as to be "objectively unreasonable"—clearly erroneous). The Court's conclusion is bolstered by the policy underpinning Nev. R. Civ. P. 68—to "encourage settlement" but not force a party to forgo its legitimate claims. *Beattie*, 668 P.2d at 274.

Accordingly, the Court denies Defendant Robinson's motion for attorneys' fees and nontaxable costs under Nev. R. Civ. P. 68 and Fed. R. Civ. P. 68. (ECF No. 86.)

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant C.H. Robinson Worldwide, Inc.'s motion for fees and nontaxable costs (ECF No. 86) is denied.

It is further ordered that Plaintiff Allan M. Miller's motion for determination and approval of good faith settlement (ECF No. 90) is granted. All claims and crossclaims against Ronel R. Singh, Rheas Trans, Inc. and Kuwar Singh dba RT Service are dismissed with prejudice.

///

///

///

The Clerk is instructed to enter judgment and close this case.

DATED THIS 26th day of April 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE