# EXHIBIT O





## TRANSPORTATION SERVICE PROVIDER AGREEMENT

This TRANSPORTATION SERVICE PROVIDER AGREEMENT ("Agreement") is made and entered into as of the _____ day of _____, 200__, ("Effective Date") between the following parties:

Shipper: COSTCO WHOLESALE CORPORATION

Address 999 Lake Drive
Issaquah, WA 98027
Att:_____
Phone: (425) 313-_____
Fax: (425) 313-_____

Transportation Service Provider ("TSP") Name:
*C.H. ROBINSON*
*8100 MITCHELL ROAD*
Address: *EDEN PRAIRIE, MN. 55344*

Att: *MARK E. PETERSEN*
Phone: (   )   -
Fax: (   )   -

WHEREAS, COSTCO WHOLESALE CORPORATION ("COSTCO WHOLESALE") desires to engage the services of TSP for the transportation of COSTCO WHOLESALE's merchandise, property or commodities (collectively referred to herein as "Commodities"), including those of its subsidiaries, affiliates, vendors and suppliers; and

WHEREAS, TSP, as an independent contractor, desires to furnish property broker or freight forwarder services to COSTCO WHOLESALE, that is, to arrange the transportation of general commodities by authorized carriers in intrastate and/or interstate commerce; and is duly qualified to operate as such, licensed by the former Interstate Commerce Commission, Federal Highway Administration and/or any applicable state or federal regulatory agency, as evidenced by license number(s) _____ (a copy of which is or copies of which are attached hereto and made a part hereof).

NOW, THEREFORE, in consideration of the mutual promises set forth hereinbelow, the parties agree as follows:

1. *Effective Date; Term; Termination*: This Agreement shall be effective as of the date set forth above and shall continue thereafter until terminated by either party, with or without cause, upon thirty (30) days written notice to the other party. Provided, however, if TSP materially breaches this Agreement, COSTCO WHOLESALE may immediately terminate this Agreement.

2. *Representations of TSP*: At all times while this Agreement is in effect or while TSP is performing any transportation services for COSTCO WHOLESALE, TSP represents to COSTCO WHOLESALE as follows:
    A. It will arrange for the transportation of COSTCO WHOLESALE's commodities only through licensed and insured (pursuant to part 8 hereof) motor carriers ('subcontractors");
    B. It shall comply and continue to comply with all federal, state and local laws applicable to its transportation services;
    C. Its subcontractors shall, at their sole cost and expense, furnish and maintain suitable trucks, trailers and tractors (collectively referred to herein as "Vehicles") to perform the transportation services and shall furnish all fuel, oil, tires, supplies, parts and any other equipment that are necessary or required for the safe, timely and efficient operation and maintenance of the Vehicles and such equipment.

ROBINSON_0176

    D. Its subcontractors shall employ fully qualified and experienced personnel and shall be responsible for the training, supervision and control of its drivers and other persons assisting with the transportation services. Only the employees or agents or subcontractors of TSP shall perform the transportation services. COSTCO WHOLESALE shall have no control over or responsibility for TSP's employees, agents or subcontractors; they shall be in the sole and exclusive control of and shall be the responsibility of TSP; and

    E. It shall act as an independent contractor and not as an agent or employee of COSTCO WHOLESALE

3. *Rates and Terms*: COSTCO WHOLESALE will pay TSP according to the rates, charges and terms set forth in Schedule A attached hereto, which may be amended from time to time through mutual consent of both parties hereto.

4. *Notification of Shipment*: COSTCO WHOLESALE may submit a Notification of Shipment ("Notification") to TSP via EDI or facsimile, or such other method as determined by COSTCO WHOLESALE.

5. *Billing*: TSP shall promptly render invoices to COSTCO WHOLESALE for each shipment handled hereunder. Each such invoice shall include the applicable Purchase Order(s) and/or Load Number(s). COSTCO WHOLESALE shall pay TSP after the shipping date and within twenty-one (21) days of COSTCO WHOLESALE's receipt of invoice.

6. *Transmittal of Payment to Carriers*: TSP shall promptly transmit to the carrier or carriers whose transportation services are utilized by TSP to meet the needs of COSTCO WHOLESALE hereunder all payments received by TSP from COSTCO WHOLESALE which are lawfully due and owing to said carrier or carriers. TSP shall at all times (both during and after the term hereof) defend, indemnify and hold harmless COSTCO WHOLESALE, its agents, employees, subsidiaries, affiliates, parent company, vendors or suppliers, against and from any and all claims or actions asserted against COSTCO WHOLESALE for the recovery of any billed charges or undercharges by any carrier or carriers whose transportation services are utilized by TSP to meet the needs of COSTCO WHOLESALE hereunder, provided that COSTCO WHOLESALE has made payment to TSP as invoiced by TSP hereunder.

7. *Indemnity*: Except to the extent that COSTCO WHOLESALE, its agents or employees are negligent, or act with willful misconduct, TSP shall, at all times while this Agreement is in effect and thereafter, defend, indemnify and hold harmless COSTCO WHOLESALE, its parent, affiliates, subsidiaries, agents and employees, against and from any and all claims or actions (whether or not groundless), liabilities, losses, fines, penalties, costs and expenses (including reasonable attorneys' fees) arising out of:

    A. Any actual or alleged death of or injury to any person, damage to any property or any other damage or loss claimed to result, in whole or in part, from the TSP's transportation services;

    B. Any actual or alleged violation by TSP, its employees or agents, of any law, statute, regulation or rule relating to TSP's representations herein and its transportation services;

    C. Any claims or actions asserted against COSTCO WHOLESALE by any agent, subcontractor or employee of TSP; or

    D. The acts, activities or omissions of TSP, its employees, subcontractors or agents, in connection with performing the transportation services under this Agreement, including activities on COSTCO WHOLESALE's premises.

8. *TSP Insurance*:

   A. *Coverages*: TSP will provide a Certificate of Insurance and any and all applicable policy endorsements naming COSTCO WHOLESALE CORPORATION as an "Additional Insured" on the policies described herein at all times during the term of this Agreement and thereafter pertaining to services performed under this Agreement. TSP shall, at all times while this Agreement is in effect, obtain and maintain at its expense a policy or policies of the following coverages. TSP's insurers must be Best's rated B+, VII or better. • *Commercial General Liability* and, if necessary, commercial umbrella insurance with a limit of $5,000,000 each occurrence, or in an amount required by law, whichever is greater, written in occurrence form, covering liability due to injury or death, liability arising from premises, operations, independent contractors, products and completed operations, personal injury, and liability assumed under an insured contract, and liability from damage to property.
   • *Cargo Damage coverage* in the minimum amount of $200,000 for dry Commodities and $150,000 for refrigerated Commodities (on an invoice cost basis including cost of freight charges) or in an amount required by law, whichever is greater, for loss of or damage to any Commodities on any one motor vehicle.
   • *Workers' Compensation* – Insurance with statutory limits and Employer's Liability (Stop-Gap Liability) Insurance with minimum limits of $1,000,000.
   • *Automobile Liability* – Insurance with $1,000,000 coverage limit for each accident, including owned, non-owned, and hired vehicles, and including an MCS-90 endorsement if TSP transports hazardous waste/substances/materials.
   • *Broker's Security Bond* – If TSP is licensed and operates as a transportation broker, a surety bond or trust fund in effect for $10,000, or in an amount required by law, whichever is greater, to ensure the financial responsibility of TSP

   B. *Claims Made*: If any of the insurance coverages are in the form of Claims Made policies, such coverages are to be maintained in effect by TSP or its subcontractors at all times while this Agreement is in effect and for three (3) years after this Agreement is terminated.

   C. *Coverage Changes: Subcontractors*: TSP shall provide evidence of the required coverages before commencing work for COSTCO WHOLESALE. Policy limits may not be reduced, terms changed, or policy canceled with less than thirty (30) days prior written notice to COSTCO WHOLESALE. TSP's insurance shall be secondary to the underlying carrier's insurance and TSP's insurance shall be contingent and contain a waiver of subrogation by TSP's insurance carrier with respect to all obligations assumed by TSP pursuant to this Agreement. It shall be the responsibility of TSP to ensure that any of its agents, representatives, subcontractors, and independent contractors comply with all COSTCO WHOLESALE insurance requirements. Coverage and limits referred to above shall not in any way limit the liability of TSP. All underlying carriers shall also have on file with TSP a certificate of insurance with at least $1,000,000 General Liability, $100,000 Cargo, $_____ Statutory Workers Compensation and $1,000,000 Auto Liability.

9. *Conflicts*: The parties agree that in the event of any conflict between the provisions of this Agreement and TSP's rules (whether such rules are stated as part of a Bill of Lading or otherwise), the terms of this Agreement shall at all times prevail and supercede. The parties further agree that if TSP's rules include any provisions not covered by this Agreement, such rules shall not apply to this Agreement and shall be ineffective against COSTCO WHOLESALE and its subsidiaries, affiliates, vendors and suppliers, unless mutually agreed otherwise between the parties, in writing.

ROBINSON_0178

10. *Liability for Freight Loss or Damage:* TSP and its subcontractors shall be strictly liable to COSTCO WHOLESALE as a common carrier for the actual loss or destruction of or damage to the Commodities, occurring from any cause whatsoever while in the possession of or under the control of TSP or its subcontractors or resulting from the performance of, or failure to properly and timely perform, the transportation services provided for herein. COSTCO shall notify TSP of any shortage or damage to any of its freight delivered by TSP's subcontractors within nine (9) months of said delivery. TSP shall pay to COSTCO WHOLESALE the actual cost of the Commodities so lost, damaged or destroyed (including all taxes, freight charges, fees and any other charges of any kind or nature which COSTCO WHOLESALE may have paid or may be required to pay or collect with respect to said Commodities) within ninety (90) days of TSP's receipt of a claim from COSTCO WHOLESALE. Further, pursuant to the authority given by 49 U.S.C. Section 14101(b)(1), the parties expressly waive the provisions of 49. U.S.C. Section 14706 to the extent that such provisions conflict or are inconsistent with the provisions of this Section 10. TSP shall have all defenses to claims provided to carriers by federal law.

11. *Disposition of Commodities:* Further, TSP shall in no event or in any circumstances whatsoever, without the express written consent of COSTCO WHOLESALE, cause, suffer or permit the transfer, sale or disposal of any Commodities bearing a COSTCO WHOLESALE trademark, trade name or private label of COSTCO WHOLESALE, whether as salvage or otherwise. TSP shall (a) immediately notify COSTCO WHOLESALE if any or all of the Commodities are damaged, lost, destroyed or rejected, (b) hold such Commodities until further notice from COSTCO WHOLESALE, and (c) comply with COSTCO WHOLESALE's written instructions regarding the transfer, sale or disposal of such Commodities.

12. *Force Majeure:* No delay or failure in performance by either party shall constitute default under this Agreement or give rise to any claim for damages to the extent that such delay or failure results from causes beyond the reasonable control of, and without fault or negligence of, the party whose performance is so affected. Such causes, which may be collectively referred to as "Force Majeure", shall include acts of God; floods or unusually severe weather that could not reasonably have been anticipated; changes in law; acts of the public enemy; war, rebellion or civil disturbance; or fires, explosions, or other such catastrophic event. Such Force Majeure shall not operate to excuse, but only to delay, performance. If either party considers that its performance is affected by Force Majeure, it shall promptly give written notice to the other stating pertinent details, and shall do all things reasonably possible to remove the cause and mitigate its effects.

13. *Agreement Non-Exclusive:* It is understood and agreed between the parties hereto that this is a non-exclusive agreement and that TSP shall be free to accept freight for assembly, consolidation, distribution and/or transportation from shippers other than COSTCO WHOLESALE herein and that COSTCO WHOLESALE shall be free to tender Commodities for transportation to brokers, carriers or freight forwarders other than TSP.

14. *Successors and Assigns:* This Agreement shall inure to the benefit of and be binding upon each party and its respective heirs, executors, administrators, successors and permitted assigns. Neither COSTCO WHOLESALE nor TSP may assign its rights, duties, obligations and/or interest in and to this Agreement without the non-assigning party's written approval. However, notwithstanding the above, the parties may assign their rights, duties, obligations and interest in and to this Agreement to a parent, subsidiary, affiliate or sister corporation upon prior written notice; provided, however, that the parties to this Agreement shall not be relieved of their duties and obligations hereunder.

15. *Confidentiality:* TSP and COSTCO WHOLESALE agree to strictly limit disclosure of any information concerning this Agreement.

ROBINSON_0179

16. *Notices*: All notices, requests or communications required or permitted to be given under this Agreement must be in writing and delivered by hand, by telecopy or fax, or sent by registered or certified mail, Return Receipt Requested, to the party to which it is addressed, at the address set forth on Page 1 of this Agreement. Any such notice, request or other communication will be deemed to have been received on the day of delivery or transmission, but if that day is a Saturday, Sunday or legal holiday at the location of the recipient, then on the following day that is not a Saturday, Sunday or legal holiday at the location of the recipient.

17. *Complete Agreement; Amendment; Severability*: This Agreement, including Schedule A attached hereto and incorporated herein, constitutes the entire agreement between the parties and may be amended only as evidenced by a written agreement and signed by authorized employees of both parties. If any provision of this Agreement shall be determined to be invalid or unenforceable, the remaining portions of this Agreement shall continue to be operative and in full force and effect.

18. *Applicable Law*: To the extent not governed by the Federal Highway Administration or other applicable federal statute, the laws of the State of Washington shall govern the validity, construction and performance of this Agreement and all controversies and claims arising hereunder.

19. *Venue; Attorneys' Fees*: Subject to the provisions of Section 21 below, TSP consents to the personal jurisdiction and venue of the federal and state courts in King County, Washington, for any court action or proceeding arising out of or related to this Agreement and any agreements between TSP and COSTCO WHOLESALE. The prevailing party in any arbitration or court proceeding shall be awarded its reasonable attorneys' fees, expenses and costs. The parties expressly waive any applicable rights or obligations regarding venue as set forth in 49 U.S.C. Section 14101(b)(2).

20. *Other Remedies*: The exercise of any remedy herein shall be without prejudice to any other right or remedy available to either party.

21. *Choice of Law; Disputes*: All claims and disputes that (1) are between TSP and COSTCO WHOLESALE or either's subsidiaries, parents, affiliates, officers, directors and/or employees, and (2) arise out of or relate to this Agreement or its subject matter, interpretation, performance or enforcement, or any other agreement, transaction or occurrence between TSP and COSTCO WHOLESALE (including any tort or statutory claim) ("Dispute") shall be arbitrated by a sole arbitrator in King County, Washington, in accordance with the Center for Public Resources' Rules for Non-Administered Arbitration (the "CPR Rules") and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. All documents and information relevant to the claim or dispute in the possession of any party shall be made available to the other party not later than sixty (60) days after the demand for arbitration is served, and the arbitrator may permit such depositions or other discovery deemed necessary for a fair hearing. The hearing may not exceed two days. The award shall be rendered within 120 days of the demand. The parties have included these time limits to expedite the proceeding, but they are not jurisdictional, and the arbitrator may for good cause permit reasonable extensions which shall not affect the validity of the award. The arbitrator may award interim and final injunctive relief and other remedies, but may not award punitive, exemplary, treble, or other enhanced damages. To the fullest extent permitted by applicable law, no arbitration under this Agreement shall be joined to an arbitration involving any other party, whether through class arbitration proceedings or otherwise. In the case of contradiction between the provisions of this Section 21 and the CPR Rules, this section shall prevail. The limitations on remedies described above may be deemed ineffective to the extent necessary to preserve the enforceability of the agreement to arbitrate. If any provision of this agreement to arbitrate is held invalid or unenforceable, it shall be so held to the minimum extent required by law and all other provisions shall remain valid and enforceable.

ROBINSON_0180

JUN 15 2005 05:02 PM

IN WITNESS HEREOF, COSTCO WHOLESALE CORPORATION and TSP have caused this Agreement to be executed by their duly authorized employees on the date set forth below.

TSP: _CH ROBINSON_

By: _[signature] Interim signature_
Signature of Owner, Officer or Other
Authorized Employee

_MARK PETERSEN - GENERAL MGR_
Print Name and Title

_3-11-05_
Date

COSTCO WHOLESALE CORPORATION

By: _Jon A. Knutson [signature]_
Signature of Officer or Other
Authorized Employee

_Jon A. Knutson_
_Mgr - Traffic_
Print Name and Title

_3-11-05_
Date

SCHEDULE A
RATES, TERMS AND CHARGES

** TOTAL PAGE.07 **

ROBINSON_0181